Gao v. Garland

BIA
Hom, IJ
A206 414 488

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand twenty-two.

PRESENT:
   ROSEMARY S. POOLER,
   RICHARD J. SULLIVAN,
   WILLIAM J. NARDINI,
      *Circuit Judges.*
_____

LI RONG GAO,
      *Petitioner*,

   **v.**                                                          **20-821**
                                                                   **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*
_____

**FOR PETITIONER:**    John Son Yong, Esq., New York, NY.

**FOR RESPONDENT:**    Jeffrey Bossert Clark, Acting Assistant
Attorney General;   Zoe J. Heller, Senior
Litigation Counsel; Karen L. Melnik, Trial
Attorney, Office of Immigration Litigation,
United States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Li Rong Gao, a native and citizen of the People's Republic of China, seeks review of a February 20, 2020 decision of the BIA affirming a June 25, 2018 decision of an Immigration Judge ("IJ") denying Gao's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Li Rong Gao*, No. A 206 414 488 (B.I.A. Feb. 20, 2020), *aff'g* No. A 206 414 488 (Immig. Ct. N.Y.C. June 25, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). The IJ denied Gao's application for asylum, withholding of removal, and CAT protection because it found Gao's

2

testimony was not credible and because, "[i]ndependent of the [IJ's] credibility finding," Gao did not otherwise meet her burden of proof by providing corroborating evidence. The BIA affirmed the IJ's decision, finding that the IJ's adverse credibility finding was supported by the record and that Gao had not challenged the Immigration Judge's alternate grounds for denying her claims, based on the lack of corroboration.

Our review of the agency's factual findings is deferential: "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]" 1252(b)(4)(B). We are therefore required to uphold the agency's factual determinations so long as "they are supported by reasonable, substantial[,] and probative evidence in the record." *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (internal quotation marks omitted); *see also Gurung v. Barr*, 929 F.3d 56, 60 (2d Cir. 2019). This "substantial evidence" standard is even more deferential to the fact finder than "clear error" review. *See Wu Lin v. Lynch*, 813 F.3d 122, 127 (2d Cir. 2016). "While all of the agency's factual findings are subject to this substantial evidence standard, we afford particular deference to the agency when evaluating credibility determinations for substantial evidence and will deviate from an adverse

credibility determination only if, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Liang v. Garland*, 10 F.4th 106, 111 (2d Cir. 2021) (internal quotation marks, citations, and alterations omitted).

Here, the IJ based his adverse credibility determination on Gao's "sparse, scant[,] and vague testimony about her persecution claims; the lack of material details in her testimony; . . . the lack of corroboration for her asylum request;" and her demeanor while testifying. Certified Admin. Record at 53. These are "specific, cogent reasons for the adverse credibility finding" that "bear a legitimate nexus to the finding" and are supported by the record. *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 (2d Cir. 2008) (internal quotation marks omitted). Thus, after affording the IJ due deference, we will not disturb his adverse credibility finding.

Moreover, even if it could be argued that the IJ's credibility finding was not supported by substantial evidence, Gao's petition would still fail because Gao does not meaningfully challenge the IJ's independent and dispositive finding that she failed to produce corroborating evidence relevant to her petition. The law is clear that an IJ may require an asylum applicant to corroborate even credible testimony: "Where the trier of fact determines that the applicant should provide evidence that

4

corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). Here, the IJ found that Gao failed to corroborate (1) her health issues that led her to practice Falun Gong, (2) the employment that allegedly caused the health issues, and (3) the fine paid for her release from detention. In her appeal to the BIA, Gao's brief had only one sentence regarding the IJ's finding concerning the lack of corroboration. And in her brief filed in support of her petition for review of the BIA's order, Gao notes the issue but limits her argument to a single conclusory sentence. That was clearly not sufficient to preserve her claim. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming applicant's "claim abandoned" where he raised an issue in "only a single conclusory sentence").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5